IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 24–08–M–DWM–3 |
| Plaintiff, | |
| vs. | ORDER |
| EMILY ANN SVOBODA, | |
| Defendant. | |

On May 8, 2024, Defendant Emily Ann Svoboda filed an unopposed Motion for a Psychiatric or Psychological Examination and Report. (Doc. 36.) After holding an ex parte hearing on May 16, 2024, (Doc. 45), the Court found there was reasonable cause to believe that she may have been suffering from a mental disease or defect rendering her mentally incompetent and ordered a local psychiatric evaluation, (Docs. 48, 63, 86). *See* 18 U.S.C. § 4241(a). A psychological

1

evaluation was filed on July 5, 2024, (Doc. 104), and a competency hearing was held on July 31, 2024, (Doc. 106). In the evaluation, Dr. Michael Scolatti reported that "Svoboda has a significant inability to assist in her defense" because "she feels she is unable to relate to and trust her attorney, and, possibly, her ability to manage her courtroom behavior." (Doc. 104 at 17.) He further reported that Svoboda "demonstrates an ability to be able to understand her current legal situation" as well as a "remedial understanding of the legal issues and procedures in her case." (*Id.* at 15.) At the competency hearing, the government recommended that based on Dr. Scolatti's evaluation, Svoboda be committed to the custody of the Attorney General for hospitalization pursuant to 18 U.S.C. § 4241(d).

If, after such a hearing, "the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General." 18 U.S.C. § 4241(d). The government has the obligation to prove competence by a preponderance of the evidence once there has been an issue raised about the competence of the defendant. *United States v. Hoskie*, 950 F.2d 1388, 1392 (9th Cir. 1991); *see also United States v. Frank*, 956 F.2d 872, 874 (9th Cir. 1991). Despite their reliance on Dr. Scolatti's report, the government has not done

2

so. Considering Dr. Scolatti's report and the parties' positions at the July 31 hearing, it appears that Svoboda may be competent regarding her ability to understand the nature and consequences of the proceedings against her. And, while Dr. Scolatti cast doubt on Svoboda's competence to assist in her own defense, it remains unclear whether that inability is willful or functional. Thus, there remains reasonable cause to believe that Svoboda may presently be suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to assist properly in her defense. *See* 18 U.S.C. § 4241(a). Accordingly,

IT IS ORDERED that pursuant to 18 U.S.C. § 4241, Svoboda is committed to the custody of the Attorney General, for a period not to exceed thirty days, for placement in a suitable federal facility to undergo a psychiatric or psychological evaluation to determine if she is presently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to assist properly in her defense. The Attorney General is given fourteen (14) days to designate a bed for this purpose. Upon completion, the psychiatric or psychological report be filed with the Court pursuant to 18 U.S.C. §§ 4247(b) and 4247(c).

IT IS FURTHER ORDERED the United States Marshal shall transport Svoboda to the designated facility within ten (10) days of designation.

3

IT IS FURTHER ORDERED, that pursuant 18 U.S.C. § 3161(h)(1)(A), all time before a final competency determination is excludable under the Speedy Trial Act.

DATED this 6th day of August, 2024.

_____
Donald W. Molloy, District Judge
United States District Court